THOMAS BURGESS *vs.* ARTHUR PUE, JR.—*June* 1844.

By the act of 1828, ch. 169, sec. 5, mere formal objections to the legality of the proceedings of the meeting of the inhabitants or trustees of any school district for the public instruction of youth in primary schools, or irregularity therein, are to be disregarded.

By the act of 1825, ch. 162, sec. 8, the collector of the school tax is to be appointed by the taxable inhabitants of the district, and by the 11th section he is required to give bond, with security, to the satisfaction of the trustees, for the faithful discharge of his official duties. The election to be valid must be made by the taxable inhabitants.

The act of 1839, ch. 90, makes no change in the power of appointing such a collector.

A collector of taxes not selected by competent authority, although he gives bond for the discharge of his duties, has no legal warrant to act, and all his proceedings are tortious and unlawful.

The legislature may delegate the power of taxation to the taxable inhabitants, for the purpose of raising a fund for the diffusion of knowledge and the support of primary schools, within their respective school districts.

Grants of similar powers to other bodies, for political purposes, have been co-evil with the Constitution itself, and no serious doubts have ever been entertained of their validity.

APPEAL from *Howard District* Court.

This was an action of *Replevin*, commenced on the 8th February, 1843, on the following warrant:

HOWARD DISTRICT OF ANNE ARUNDEL COUNTY, *to wit:* Whereas, on the sixth day of February, eighteen hundred and forty-three, instant, before the subscriber, one of the justices of the peace of the State of Maryland, in and for the said district, *Arthur Pue,* jr., of the said district, made oath, that one yoke of pied oxen, belonging to him, have been illegally and unjustly seized in execution for school taxes, for district No. 30, by *Thomas Burgess,* the collector, which affidavit is hereto annexed, whereby it appears to me that it is necessary for the purposes of justice, that a replevin should issue; you are hereby empowered and directed to issue a replevin for the following chattels, taken as aforesaid, to wit, one yoke of " pied oxen," and this shall be your warrant for the same.    Witness my hand and seal, this sixth day of February, 1843.

JOHN FORREST, (Seal.)

HOWARD DISTRICT OF ANNE ARUNDEL COUNTY, *to wit:* Be it remembered, that on this sixth day of February, eighteen hundred and forty-three, before me, the subscriber, one of the justices of the peace of the State of Maryland, in and for said district, personally appeared *Arthur Pue,* jr., of the said district, and made oath on the Holy Evangely of Almighty God, that a yoke of pied oxen have been illegally and unjustly seized by the collector, *Thomas Burgess,* for school taxes, for primary school district No. 30, of said district.

Sworn before,          JOHN FORREST, (Seal.)

To *John L. Moore,* clerk of *Howard District* of *A. A.* county.

The appellee having filed a replevin bond, the writ issued, and the goods so taken were replevied and delivered to the appellee, who filed his declaration claiming the same.

The case was then submitted on the following statement of facts:

Under the provisions of the act for the public instruction of youth in primary schools throughout the State, and the several supplements thereto, *Anne Arundel* county was divided into primary school districts; the *locus in quo* constitutes part of primary school district No. 30, of said county, in that division.

In the year 1832, a primary school was organized in said school district, and has ever since been kept up in fact.

The regularity and legality of such organization and continuance, are denied by the plaintiff, but affirmed by the defendant.

At an annual meeting of taxables of the district, held in the district in July, 1842, certain proceedings were held, of which the following is a copy :

" July 30, 1842. The twelfth annual meeting of the taxable inhabitants of primary school district No. 30, *Howard District, A. A.* county, convened, and on motion, *George Ellicott* was called to the chair, and *McLane Brown* appointed secretary. On motion, the secretary read the trustees' annual report. Mr. *Ijams* moved the adoption of said report ; determined in the affirmative. *McLane Brown* moved a levy of eight cents on the $100. *C. S. W. Dorsey* moved as a substitute, four cents ; determined in the negative. The vote was then taken on *McLane Brown's* motion, and determined in the affirmative. Mr. *Wright* nominated *George L. Stockett, J. P. Ijams* and *George Ellicott*, as trustees for the ensuing year. *Henry H. Pue* nominated *Levi Chaney, William Smith* and *Anthony Smith.* The question was then taken on the nomination of *George L. Stockett*, unanimously elected ; *J. P. Ijams* and *George Ellicott*, unanimously elected. *Ijams* nominated *George L. Stockett*, as clerk—elected unanimously. On motion, *C. S. W. Dorsey*, resolved, that the trustees report to the next annual meeting the number and names of the children attending school, and who pay capitation tax, and the time of their attendance.

On motion of *A. Smith*, the meeting adjourned to meet the last Saturday of July, 1843, at 10 o'clock A. M.

Signed, *McLane Brown*, Sec'ry.   GEO. ELLICOTT, Ch'n.

A true copy : *George L. Stockett*, Clerk."

That the trustees were elected *viva voce*, and not by ballot, the plaintiff being then present and voting ; that the said meeting was held after due notice thereof ; that after the adjournment of the meeting, the trustees placed in the hands of defendant, on the 12th December, 1842, who was at that time sheriff and collector of *Howard District*, a list of the taxables and pro-

perty liable to taxation of said District, with a warrant for collection thereof, as follows :

"*Copy of tax list for primary school district No.* 30, *Howard District, A. A. county.*—1842.

1 *Brown, McLane,*      -      -      -      $1.71½, &c.

HOWARD DISTRICT OF A. A. COUNTY, *to wit:* To *Thomas Burgess,* collector of *Howard District, A. A.* county, greeting: You are hereby required and commanded, to collect from each of the inhabitants of said district, the several sums of money written opposite to the name of each of said inhabitants in the annexed tax list, and within sixty days after receiving this warrant, to pay the amount of the monies by you collected, into the hands of the trustees of said district, or some one of them, and take their or his receipt therefor, and if any of said inhabitants shall neglect or refuse to pay the same, you are hereby further commanded to levy on the goods and chattels of each delinquent, and make sale thereof according to law. Given under our hands and seals, this 12th day of December, 1843.

GEO. L. STOCKETT, (Seal.)

J. P. IJAMS,      (Seal.)

GEO. ELLICOTT,      (Seal.) Trustees."

That the defendant, at the time of receiving such list, gave bond in proper form for collection of said taxes ; that he never was elected, selected or appointed collector by the taxables of school district No. 30, of *Howard District,* but was selected and elected by the trustees ; that the clerk elected as aforesaid, did not give bond as such, as required by law ; that the plaintiff, in July, 1842, was and ever since has been a taxable inhabitant of said district, and named in said tax list, and because of his failure to pay the said taxes, assessed against him as aforesaid, the defendant, as collector as aforesaid, levied on and took in execution the property in the declaration mentioned, for the purpose of raising the tax, so assessed against the plaintiff. The original act, for the public instruction of youth in primary schools throughout this State, and the supplements thereto, and all other acts applicable to primary schools in *Anne Arundel* county and *Howard District,* shall be

treated as part of this statement, and read from the printed books.

It is insisted by the plaintiff, that no evidence out of the record book of the proceedings of taxables, is admissible to shew that notice of the meeting as aforesaid was given, and the admission herein, that such notice was in fact given, is made subject to such exceptions.

On the part of the defendant it is objected, that no evidence out of said record, is admissible for the purpose of shewing that the said meeting was illegally or irregularly held, or conducted with a view of charging him in this action; that all admissions of facts by him, not shewn by said record book, are to be taken, as made subject to such objection; that the act, entitled, an act to provide for the public instruction of youth in primary schools, throughout this State, is unconstitutional and void, because the validity and operation of the same, in any county of the State, was dependent on the votes of a majority of the voters of each county, and if the majority of the said voters of any county should be in favor of the establishment of primary schools, as is therein provided for, then and in that case the said act should be valid for such county or counties, otherwise of no effect whatever, and if a majority of the voters of any county in this State should be against the establishment of primary schools, as established by this act, then in that case the said act should be void as to that county; that the act aforesaid, and the act entitled an act to provide for the public instruction of youth in primary schools in *Anne Arundel* county, are unconstitutional and void, as far as the said acts authorise one or more of the *taxable* inhabitants of any school district in *Anne Arundel* county, to vote a tax on the assessable property of said district, to build school houses, furnish them with the necessary fuel, books, stationary and appendages, and for payment of the salary of a teacher in said district; that the act, entitled, an act regulating the manner of levying on the assessable property in *Anne Arundel* county, for the support of primary schools in said county, passed the 14th February, 1830, is unconstitutional and void, as far as it

authorises the trustees of any primary school district in *Anne Arundel* county, to require from any child attending school the payment of any sum of money not exceeding twenty-five cents a month, to be applied to the payment of the expenses of the school; that the above acts of Assembly, are in other respects, contrary to the Bill of Rights and Constitution of this State, and therefore null and void:

1st. Because said acts destroy all accountability for the power of taxation, contrary to the fourth section of the Bill of Rights.

2nd. Because the acts aforesaid impose taxes without the consent of the Legislature, contrary to the 12th section of the Bill of Rights.

That the assessment and levy for primary school district No. 30, of *Howard District*, under and by virtue of which the property of the plaintiff in this action was taken and distrained, was illegal and void:

1st. Because the meeting at which said levy was made, was not a legal district meeting, the same being held without any notice being given to the taxable inhabitants of said district, in writing, at least ten days before the time appointed for said meeting, by the district clerk, and there is no legal evidence that any notice was given.

2nd. Because at said annual meeting the clerk of said district was not elected by ballot, and did not give bond as required by law.

3rd. Because the trustees of said school district were not elected according to law, i. e., by ballot.

4th. Because the trustees of said school district did not make a rate bill or tax list, according to law, and annex to such tax list or rate bill a warrant, and deliver the same to the collector of the said school district.

5th. Because the taxable inhabitants of said school district did not elect, by ballot, a district collector at their last annual meeting, and *Thomas Burgess* has never been elected collected of said school district.

6th. The collector of said school district did not give bond with security, to the satisfaction of the trustees, for the faithful discharge of the duties of his office.

7. Because the defendant in this action is not the collector of the said school district, and has no authority in law, for collecting the tax assessed for the same.

Upon the foregoing statement and reasons, the court is requested to enter such judgment as may be right, subject to the appeal of the party against whom the judgment may be rendered.

The county court rendered judgment for the plaintiff in replevin, and the defendant appealed to this court.

The cause was argued before STEPHEN, ARCHER and CHAMBERS, J.

By T. S. ALEXANDER, for the appellant, and
By R. I. BOWIE, for the appellee.

STEPHEN, J., delivered the opinion of this court.

This action of *replevin* was instituted in the court below to recover certain property which had been taken by the appellant, as collector, for a school tax alleged to be due by the appellee, and which had been imposed by the taxable inhabitants of a school district, under the system of primary schools as established by law. The judgment of the court below was in favor of the plaintiff in that court, and defendant appealed to this tribunal to obtain a reversal of that judgment, on the ground that it was erroneous, and that the suit ought not to have been sustained.

In support of the decision which was rendered in his favor, the appellee has taken several exceptions to the legality of the proceedings of the meeting of the inhabitants by which the levy was made, and also to the validity and regularity of the meeting itself. Mere formal objections are cured by an act of Assembly which was passed for the express purpose of healing all such informalities. Under the operation of that act, which passed in the year 1828, ch. 169, all matters of form are to

3    v.2

be disregarded, and matters of substance alone to be attended to ; its language is, " that the aforesaid act (meaning the act for the public instruction of youth in primary schools through-out the State,) and this act be, and the same are hereby de-clared to be, public and remedial acts, and shall be construed by all courts of justice according to the equity thereof, and no proceedings of the inhabitants or of the trustees of any school district, shall be set aside or adjudged to be void, for defect of form, or for any irregularity therein, so as the requisitions of said acts are substantially complied with." But the objec-tion to the legality of the appointment of the collector is, we think, fatal and well founded, notwithstanding the provisions of that act. His power to act was not legitimate, because he was not elected by the competent authority. The act of 1825, ch. 162, sec. 8, expressly vests the power of appointing the district collector in the taxable inhabitants of the district, and by sec. 11, he is required to give bond, with security, to the satisfaction of the trustees, for the faithful discharge of the duties of his office. The same section further provides that the collector of the county charges may be eligible as the dis-trict collector, but the election, to be valid, must still be made by the taxable inhabitants, as the power of the trustees is lim-ited to the taking of the bond, with security. By an act of Assembly passed in the year 1837, ch. 90, it is made the duty of " any sheriff or county collector, in *Anne Arundel* county or *Howard District*, in the event of being selected or appoint-ed a collector for any or all of the school districts, to accept of the appointment, or forfeit for each refusal the sum of one hundred dollars ;" but no change in the mode of appointment is provided for or authorised by that act. The collector in this case, not being selected by the competent authority, that is to say, by the taxable inhabitants of the school district, had no legal warrant or authority to act, and all his proceedings being tortious and unlawful, the action of replevin was properly sustained by the court below. This defect renders it unne-cessary to inquire whether other objections, which have been taken to the proceedings, are fatal.

We think there was no validity in the constitutional question which was raised by the appellee's counsel in the course of his argument, relative to the competency of the legislature to delegate the power of taxation to the taxable inhabitants for the purpose of raising a fund for the diffusion of knowledge and the support of primary schools. The object was a laudable one, and there is nothing in the Constitution prohibitory of the delegation of the power of taxation, in the mode adopted, to effect the attainment of it; we may say that grants of similar powers to other bodies, for political purposes, have been co-eval with the Constitution itself, and that no serious doubts have ever been entertained of their validity. It is therefore too late at this day to raise such an objection. The ground of the objection taken in the argument to the constitutionality of the tax, seemed to be, that the act of the legislature delegating the power of taxation to the taxable inhabitants was a violation of the fourth and twelfth sections of the Bill of Rights, the first of which provides "that all persons invested with the legislative or executive powers of government, are the trustees of the public, and as such accountable for their conduct;" and the last, "that no aid, charge, tax, fee or fees, ought to be set, rated or levied, under any pretence, without consent of the legislature." It is not perceived how the act in question can be deemed a violation of either of those principles of the fundamental law. The tax was certainly levied with the consent of the legislature, because the power to impose it emanated from the legislative department of the government, and was expressly given by a law passed for that purpose, and there is nothing in it which can be considered as in the slightest degree impairing the responsibility of the law-making power to their constituents, for the due and faithful execution of the trust confided to them, because if deemed to be unwise or inexpedient, an expression of the popular will to that effect was all that was necessary to procure its repeal.

Some other objections to the regularity of the proceedings, connected with this case, were made by the counsel for the appellee in the course of his argument, which it is deemed

unnecessary to consider, this court being of opinion that the judgment of the court below was correct, and that the same ought to be affirmed.      JUDGMENT AFFIRMED.