## J. S. PERRY ET AL. v. CITY OF ROCKDALE.

### (Case No. 1651.)

1. TAXATION — SCHOOL TAX — CASES APPROVED.— The power of a municipal corporation to collect a tax for school purposes, after having assumed control of the schools, has been fully considered in the cases of City of Ft. Worth v. Davis, 57 Tex., 225; Dwyer v. Hackworth, id., 245.

2. SAME — PROPER QUESTION TO BE SUBMITTED.— The question submitted to a vote was: "Shall a tax of one-half of one per cent. be levied and collected to support the public free schools?" *Held*, that this question submitted the proposition correctly and in accordance with the statute. *Vide* General Laws 1881, p. 64.

3. POWER OF LEGISLATURE — POLL TAX — MUNICIPAL CORPORATION.— Under the constitution the legislature has the power to authorize a municipal corporation to levy a poll tax.

4. SAME — AUTHORITIES CITED.— Blessing v. Galveston, 42 Tex., 659; Marshall v. Snediker, 25 Tex., 460; Burgess v. Pue, 2 Gill, 19; Smith v. Corp. of Aberdeen, 25 Miss., 461; Dillon on Mun. Corp., vol. 2, sec. 739, cited.

APPEAL from Milam. Tried below before the Hon. W. E. Collard.

The appellants J. S. Perry and others, property holders in the city of Rockdale, filed their petition in the district court of Milam county against the appellees, the city of Rockdale and John Scott, its assessor and collector of taxes, to enjoin the collection by the city of a tax of one-half of one per cent., *ad valorem*, for public school purposes, one-fourth of one per cent. tax, *ad valorem*, for general revenue purposes, and $1 *per capita* poll tax, for the year 1883. They alleged that John Scott had levied upon certain real property described in the petition and belonging to them, and that the city of Rockdale claimed a lien on their real and personal property. They claimed that, under the constitution of 1876, the corporation of Rockdale had no right to levy and collect the school nor the poll tax. Rev. Stats., art. 428. They also alleged that, under the constitution of 1876, the taxing power to be conferred by the legislature was limited, and did not authorize any poll tax for such cities and towns.

Also that appellee claimed the right to levy and collect such school tax by virtue of an election held on the 5th day of February, 1883, under the provisions of said article 425a, and that, at the election, the question which should have been submitted was: "Shall the city council of the city of Rockdale have power by ordinance to annually levy and collect not exceeding one-half one per cent. (or any specific per cent., as the case may be), *ad valorem* tax for the support and maintenance of public free schools in said city?"

But that instead, the city council submitted to a vote the following question: "Shall a tax of one-half of one per cent. be levied and collected to support the public free schools?" That the question so submitted was not the proper and legal question authorized by article 425a, and did not inform the property tax-payers of the purpose, object and intent of the election, nor of the power of the city council to be determined by the election. Appellees answered as follows:

*First.* They excepted to all that part of the petition which sets up the unconstitutionality of article 425a, Revised Statutes, and averred that the statute providing for the levy of a tax by a vote of two-thirds of those voting was not contrary to the constitution, and is constitutional.

*Second.* They excepted to so much of the petition as alleged the poll tax unconstitutional, as authorized by the constitution.

.    .    .    .    .    .    .    .    .    .    .    .

*Fourth.* They excepted to so much of the petition as alleged that the city council submitted the wrong question to be voted upon, because the petition showed upon its face the right question was submitted.

Appellees in section 3 of their second amended original answer specially denied that the city of Rockdale had not by its own action been created or made a separate and independent school district, and alleged that about the year 1876 or 1877, and long before the question set out in petition was voted upon, the city assumed control of the public free schools within its limits, and had been constituted and created under the laws of the state, in a legal and proper manner, a separate and independent school district, and was when the question of taxation was submitted to a vote, and still was, a legal, separate and independent school district, referring to some affidavits attached, stating that the city of Rockdale, in the last of 1876 or the first of 1877, voted upon the question of assuming control of the public free schools in its limits, and that it carried the question almost unanimously.

There were other pleadings by appellees, but for the purposes of the opinion they need not be given here.

The injunction was, by judgment of the court, dissolved and modified to such extent as to permit the city council of Rockdale to levy and collect the tax of one-half of one per cent. for public school purposes from complainants by a legal and proper ordinance passed for the purpose.

It further authorized the collection of the $1 poll tax, and the

one-fourth of one per cent. *ad valorem*, by legal and proper ordinance.

To all the rulings and the judgment appellants, at the time, excepted and gave notice of appeal.

*Antony & Wilcox*, for appellants, on the right of the city to levy the tax, cited: Const. 1876, art. VII, secs. 1–6; art. VIII, secs. 1, 3, 9; art. XI, secs. 4, 6, 10; Burroughs on Taxation, 380; City of Fort Worth *v.* Davis, 57 Tex., 229–232; Jodon *v.* Brenham, 57 Tex., 656; Cooley on Const. Lim., *33, *116 and notes.

No briefs on file for appellee.

STAYTON, ASSOCIATE JUSTICE.— The question of the power of municipal corporations to collect a tax for the purpose of supporting public free schools, when they have assumed control of such schools in accordance with the provisions of the statute regulating that matter, was fully considered in the cases of the City of Fort Worth *v.* Davis, 57 Tex., 225; and Dwyer *v.* Hackworth, 57 Tex., 245. And it was there held that such power existed when the provisions of the statute were complied with, and we regard these cases as decisive of the question.

In this case the admitted facts show that the city of Rockdale had complied with the requirements of the statute in so far as to acquire the power to levy the tax, except that it is contended that the proper question was not submitted to the vote of the people.

The question submitted was: "Shall a tax of one-half of one per cent. be levied and collected to support the public free schools?"

The statute provides that "The proposition submitted may be for a tax not exceeding one-half of one per cent., or it may be for a specific per cent." Gen'l Laws, 1881, p. 64. The question submitted was, whether a tax of one-half of one per cent. should be levied; this was for a specific per cent., and was authorized by the last member of the clause above copied.

The only other question necessary to be considered is: Has the legislature the power to authorize a municipal corporation to levy a poll tax?

Article VIII, section 1, of the constitution, expressly gives to the legislature power to impose a poll tax.

Article XI, section 4, provides that towns and cities of the class to which the city of Rockdale belongs "may assess and collect an annual tax to defray the current expenses of their local government, but such tax shall never exceed, for any one year, one-fourth of one

per cent." This evidently refers to an *ad valorem* tax, and was not intended to operate as a denial of power to collect other classes of taxes; for the same section recognizes the power of such cities and towns to collect other taxes, as does section 1 of article VIII, which to some extent limits the power. The power of a legislature, unless restricted by some constitutional provision, to delegate its power to municipal corporations, is thus stated by Mr. Dillon: "In the general power of the legislature, as well as in its power to create municipal corporations, may be found the right to authorize them, when created, *to impose or levy local rates, taxes and assessments* upon their inhabitants, and upon all property within the limits of the designated taxing district, which is ordinarily co-extensive with the territorial limits of the municipality. Indeed, it is one of the distinguishing features of our municipal institutions, that local rates shall be locally imposed by those who have to pay them or bear their burden; and this power, from very early periods, has in the different states been constantly delegated to and exercised by the local authorities." 2 Dillon on Mun. Corp., sec. 739; Blessing *v.* City of Galveston, 42 Tex., 659; City of Marshall *v.* Snediker, 25 Tex., 460; Burgess *v.* Pue, 2 Gill, 19; Alexander *et al. v.* Mayor and C. C. of Baltimore, 5 Gill, 389; Harrison *v.* Mayor and Council of Vicksburg, 3 S. & M., 585; Smith *v.* Corporation of Aberdeen, 25 Miss., 461.

In reference to cities of that class to which the city of Rockdale belongs, the legislature has declared that "The city council shall have power to levy and collect an annual poll tax, not to exceed $1, of every male inhabitant of said city over the age of twenty-one years (idiots and lunatics excepted), who is a resident thereof at the time of such annual assessment." R. S., 428.

This statute confers the power as fully as the legislature possessed it.

It was held, however, that the ordinance under which the several taxes sought to be enjoined were levied was invalid, and the court therefore modified the preliminary injunction granted, so as to enjoin the collection of the taxes levied under the insufficient or invalid ordinance, and left the city free, should it see proper to do so, to levy and collect, under valid ordinance, like taxes as those enjoined.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered November 21, 1884.]