## THOMAS H. HUGHES *vs.* THE STATE OF MARYLAND.

*Fishery—Power of the State to Control Mode of Fishing in Public Rivers—Constitutional Law.*

The State is the owner of the beds of all tide-water rivers within its boundaries, and has the right to prescribe the mode in which fish may be taken in such waters.

Code Public Local Laws, Art. 3, sec. 101, providing that it shall not be lawful to fish in certain public rivers within certain points "with seine or nets except from the shore in the usual and customary manner," is a valid exercise of the power of the State to regulate fish- eries, and is not unconstitutional, because it discriminates in favor of the owners or occupiers of shores.*

Appeal from the Circuit Court for Baltimore County (BURKE, J.) The evidence objected to in the second bill of exception was that the appellant fished with a net in the waters in question.

The case was argued before McSHERRY, C. J., BRYAN, BRISCOE, PAGE, BOYD and PEARCE, JJ. (Jan. 13, 1898).

*Frank X. Ward,* for the appellant.

The Act of 1878, ch. 242, upon which the second count of the indictment is based, is unconstitutional, as it dis- criminates in favor of the owners and occupiers of the shores of the "Saltpetre," a tributary of the Gunpowder River. *Smith* v. *Maryland,* 18 How. 71; *McCready* v. *Virginia,* 94 U. S. 391; *Lawton* v. *Steele,* 152 U. S. 137; *Com.* v. *Charlestown,* 1 Pick. 180; *Kean* v. *Stetson,* 5 Pick. 492; *Arnold* v. *Munday,* 1 Halst. (N. J.) 1; *Martin* v. *Waddell,* 16 Pet. (U. S.) 400; *Parker* v. *Cutler Manf. Co.,* 20 Maine, 353; *Bird* v. *Smith,* 8 Watts, 492; *Peck* v. *Lock-*

---

* Authorities relating to the power of the State to regulate the com- mon right of fishery are collected in a note appended to the case of *People* v. *Truckee Lumber Co.,* 39 L. R. A. 581.

*wood,* 5 Day, 22 ; *Hayden* v. *Neyes,* 5 Conn. 391; *Austin* v. *Murray,* 16 Pick. 125 ; *Skinner* v. *Hettrick,* 73 N. C. 53 ; *Carson* v. *Blazer,* 2 Binn. (Pa.) 475 ; *Shrunk* v. *Schuylkill Co.,* 14 S. & R. (Pa.) 71; *Sinicum Fish Co.* v. *Carter,* 61 Pa. St. 21; *Ex'rs., etc.* v. *Waddington,* 1 McCord (S. C.), 580 ; *Collins* v. *Benbury,* 3 Ired. N. C.; *Gard* v. *Carman,* 3 N. J. Law, 936 ; 8 *A. & E. Ency. of Law,* 32, *et seq.*

*Harry M. Clabaugh, Attorney-General,* and *William A. Fisher,* for the appellee, submitted the case on their brief.

BRISCOE, J., delivered the opinion of the Court.

The appellant, Thomas H. Hughes, was tried and convicted in the Circuit Court for Baltimore County, under a criminal information for illegal fishing, contrary to section 101 of Article 3 of the Code of Public Local Laws, title, " Baltimore County," sub-title, " Fish." The Act reads as follows : " It shall not be lawful for any person to fish in the waters of Gunpowder River, Middle River or Back River or their tributary streams, except Bird River, situated in Baltimore County, or in the waters of the Chesapeake Bay, within one mile of the entrance of said rivers into the same, with seine or nets, except from the shore in the usual and customary manner."

The information contains three counts. A demurrer to each of these counts was interposed by the traverser, first, because the Act upon which each and every one of said counts is based is unconstitutional ; and secondly, for the reason, that the second count charges an offence unknown to the law. The demurrer was sustained as to the first and third counts but overruled as to the second. The second count charges that the appellant did unlawfully fish in the Saltpetre, a tributary of the Gunpowder River, with seine and nets, not fishing with these seines and nets from ashore in the usual and customary manner. The traverser was tried and sentenced under this count and from the rulings of the Court in overruling the demurrer to this count and

to the rejection of certain testimony offered upon his part this appeal has been taken.

As there is no appeal on the part of the State, we are confined in our consideration to the question raised by the traverser's appeal, and that is, whether the Act of 1878, chapter 242, which has been codified as section 101 of Article 3 of the Code of Public Local Laws, is a valid exercise of legislative power, or whether it is open to the objection urged by the appellant, that it is unconstitutional, because it discriminates in favor of the owners and occupiers of the shores of the " Saltpetre," a tributary of the Gunpowder River. The sole question, then, is as to the validity of the Act of 1878.

Now, the law has been well-settled that each State owns the beds of all the tidewaters within its jurisdiction, unless they have been granted away, subject to the paramount right of navigation, the regulation of which in respect to foreign and interstate commerce, has been granted to the United States. MR. JUSTICE CURTIS, in delivering the opinion of the Supreme Court in the case of *Smith* v. *State*, 18 Howard, 75, says, that the State holds the property of this soil for the conservation of the public rights of fishery thereon and may regulate the modes of that enjoyment so as to prevent the destruction of the fishery. In other words it may forbid all such acts as would render the public right less valuable or destroy it altogether. This power results from the ownership of the soil, from the legislative jurisdiction of the State over it, and from its duty to preserve unimpaired those public uses for which the soil is held. And this principle has been re-affirmed by the same Court in the more recent case of *McCready* v. *Virginia*, 94 U. S. 394, wherein CHIEF JUSTICE WAITE said : "The principle has long been settled in this Court that each State owns the beds of all tidewaters within its jurisdiction, unless they have been granted away. In like manner the States own the tidewaters themselves and the fish in them, so far as they are capable of ownership while running. For this purpose the

State represents the people and the ownership is that of the people in their united sovereignty." And our own Court in the cases of *Bradshaw* v. *Lankford*, 73 Md. 431, and *State* v. *Applegarth*, 81 Md. 293, following the cases of the Supreme Court, has adopted and re-affirmed the principle established by those cases. Indeed, the power to enact such laws has been so long exercised and has proven of such benefit to the public generally that it ought not at this date to be called into question.

Nor do we regard the objection made by the appellant, that the Act is unconstitutional because it discriminates in favor of the owners and occupiers of the shores of the Salt-petre, as well taken. The prohibition of the Act is not con-fined to any particular class, but it restricts " any person or persons " from fishing in the waters of the rivers men-tioned in the Act, with seine or nets, except from the shore in the usual and customary manner. In other words, it prohibits *all persons* from fishing except in the mode and manner prescribed by the Act. There is nothing, in the Act itself, which will sustain the contention of the appellant. The manifest object and intention of the Act, is the preser-vation of the fish in the streams mentioned therein and such Acts have always been treated as within the proper domain of the police power of the State. We find no error in the admission of the testimony set forth in the appellant's first and second bills of exceptions. For the reasons we have stated, this evidence was clearly material and competent to establish the State's case and admissible for that purpose.

Finding no error in the rulings of the Court below, the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided March 3rd, 1898).