# SUPERIOR COURT OF BALTIMORE CITY.

Filed July 7, 1920.

JOSHUA LEVERING, ET AL.,
VS.
THE BOARD OF SUPERVISORS OF ELECTIONS OF BALTIMORE CITY.

*Isaac Lobe Straus* for petitioners.

*Lindsay C. Spencer*, Assistant Attorney General, *Jos. C. France, A. S. Niles* and *H. Webster Smith* for respondents.

SOPER, C. J.—

The last General Assembly by the Act of 1920, Chapter 522, undertook to amend the Sunday laws as to Baltimore City. Sections 436 and 438 of Article 27 of the Code of Public General Laws, upon the subject of "Sabbath Breaking," were repealed and re-enacted with amendments, and the ex-hibition of motion pictures after 2 P. M. on Sunday in Baltimore City was excepted from the general prohibition against work or labor or unlawful recreation on Sunday. But the act was to become effective only in case it should be approved by the voters of Baltimore City at the general election in November, 1920. To this end the Board of Supervisors of Elections of Baltimore City was directed to have printed on the ballots the following proposition: "Shall the present laws be amended so as to permit motion pictures on Sunday?"

The petitioners, in this case, are members of the Lord's Day Alliance, and as representatives of that body, and as individuals and taxpayers, they seek a writ of mandamus directed to the Board of Supervisors, restraining it from printing the proposition on the ballots. They contend that the Legislature did not have the power under the Constitution of Maryland to submit the decision of this question to the voters of the city. The proper policy for the community to pursue with reference to business activities on Sunday is a matter of grave public concern, but in this case the only issue before the court is the constitutionality of the Act of 1920, Chapter 522.

The reasons given for the unconstitutionality of the law are three-fold. In the first place, it is claimed that the act constitutes an improper delegation to the voters of Baltimore of legislative power which can be exercised under the Constitution of Maryland only by the General Assembly. It is conceded that legislative questions of a purely local character such as the location of a county seat, the issuance of bonds of municipalities or county governments, or the sale of intoxicating liquors in specified districts may properly be submitted to the decision of the voters of local districts without infringement of the Constitution. Such indeed the Court of Appeals has decided to be the law of Maryland. Bradshaw vs. Landford, 73 Md. 428; Levering vs. Supervisors of Elections, 129 Md. 335. But it is urged that the proper observance of Sunday is a matter of such great public interest and importance that the departure from the settled legislative policy of the State involved in the opening of moving picture theaters on Sunday in Baltimore City is a general rather than

a local question. It is difficult to follow this reasoning. Undoubtedly any alteration of the habits of a considerable portion of the people is a matter which affects the entire population of the State. But this is as true, for instance, of the sale of intoxicating liquors in certain districts as it is the observance of the Sunday law. The Court of Appeals has decided that liquor questions are local questions, and may be passed upon by the votes of the electorate. The closing or the opening of the moving picture theatres in Baltimore on Sunday is in the same way a local question, and it was therefore within the power of the Legislature to submit the question to the voters of the City unless the act infringes upon the Constitution of the State in some other particular.

In the second place, it is claimed that if the legislation is local rather than general in character, the act is in violation of Article 11A, commonly known as the "Home Rule Amendment" to the Constitution. Section 3 of this article provides that after the adoption of a charter by the City of Baltimore, the Mayor and City Council, subject to the Constitution and Public General Laws of the State, shall have full power to enact local laws for the city, including the power to repeal or amend local laws of the city enacted by the General Assembly upon all matters covered by the express powers granted as above provided. Section 4 of Article 11A provides that no Public Local Law shall be enacted by the General Assembly for the city upon any subject covered by express powers granted as above provided. The act of the Legislature under consideration is unquestionably a local law, in that it applies only to Baltimore City, and it is therefore argued that the Legislature had no power to pass it, since the City of Baltimore has adopted a Charter, and has full power to enact local laws. But this argument ignores the provision of Section 3 of Article 11A of the Constitution, cited above, by which the "express powers" granted to the city to make local laws are explicitly stated to be "subject to the Constitution and Public General Laws of the State." The City of Baltimore, therefore, was granted no power to repeal so far as Baltimore City was concerned the Public General Laws of the State applicable to Sunday; and since no authority on this subject was

given to the city, the State retained full power and control over the matter. The prohibition upon the General Assembly in Section 4 of Article 11A extends only to those subjects of legislation which by Section 3 of the same article were committed to the City of Baltimore. This is the plain meaning of Sections 3 and 4. If it were not so, then there would be no power short of constitutional amendment itself to alter a general law so far as it affects a particular locality, either in the General Assembly or in a local legislative body. It is inconceivable that such should be the proper interpretation of the Home Rule Amendment, and it follows that the Act of Assembly under discussion does not violate that provision of the Constitution.

It is contended in the third place that the Act is a violation of Article 16 of the Constitution, upon the Referendum. This article of the Constitution reserves the power known as the "Referendum" to the registered voters of the State, to approve or reject at the polls any act of the General Assembly upon complying with certain prescribed conditions. The contention is that Article 16, having provided a method by which a referendum upon any act of the Legislature may be obtained by the people, no referendum can be had in any other manner or under any other circumstances. But there is nothing in Article 16 which expressly deprives the Legislature of the power which it has always had to submit to voters of a local district the determination of the question whether a local law proposed by the Legislature should take effect and become law. Indeed, the referendum provided by the Legislature in regard to a particular act is not in all respects similar to the referendum provided by the Constitution. The referendum provided by the Constitution is in a sense negative in character. It gives to the people the opportunity to say whether or not an act passed by the Legislature shall stand; but it does not give to the people the right to initiate legislation by the submission of any question which all or a portion of the people may desire to propose. The Legislature, on the other hand, if it limits the proposal to a local question, may initiate any proposition and submit it to the votes of the people. The two powers are not inconsistent or identical. In-

deed, it seems to be clear from the decision of the Court of Appeals in the case of Posiel vs. Cash, 130 Md. 374, that Article 16 was not intended as a limitation upon the general power of the General Assembly and did not.in any way curtail such power of referendum as the Legislature has at the time of its adoption.

The conclusion is that the act of the Legislature providing for the submission of the question of moving pictures on Sunday to the people of Baltimore was a valid exercise of power. The petition, therefore, does not state a case which justifies the issuance of a mandamus against the Board of Supervisors of Elections. The demurrer to the answer will be overruled, and the petition will be dismissed.