(Decided 22nd January, 1891.)

THOMAS P. BRADSHAW *vs.* H. FILLMORE LANKFORD, Clerk of the Circuit Court for Somerset County.

*Constitutional law—Delegation of Legislative power.*

The Act of 1890, ch. 629, submitting to the voters of certain election districts in Somerset County, the question whether or not the taking of oysters by scoop or dredge within the waters of said county, shall be prohibited, is unconstitutional. the Legislature not having the power to make the operation of a statute, affecting the common right of the people of the whole State, depend upon the result of a popular vote of persons residing within three or four, or any number of election districts of a county.

APPEAL from the Circuit Court for Somerset County.

Bradshaw *vs.* Lankford.

This was an application for a *mandamus* to compel the appellee, as clerk of the Circuit Court for Somerset County, to issue a license to the appellant, to take or catch oysters, with scoop or dredge, in any of the waters of said county. The license was refused by the clerk for the reason that by the Act of 1890, ch. 629, the duty of issuing the license, demanded by the petitioner, no longer devolved. on the respondent, and it was not his duty to issue the same. The Court (GOLDSBOROUGH and HOLLAND, J.) passed an order dismissing the petition, with costs to the respondent. From this order the petitioner appealed.

The cause was submitted to ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*Thomas S. Hodson,* for the appellant.

*William Pinkney. Whyte, Attorney-General,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

By the Act of 1890, chapter 629,-the question whether or not the taking of oysters by scoop or dredge, within the waters of Somerset County, shall be prohibited, was submitted to the voters of certain election districts of said county; and, should a majority of the votes cast be in favor of the prohibition, the Act provided it should be unlawful for any person to take oysters by scoop or dredge within the waters of said county.

The question before us is whether this statute is a valid exercise of legislative power; or, in other words, whether the Legislature had the power to submit such a question to the voters of the districts named in the Act, and make the operation of the Act depend upon the contingency of a popular vote.

Now it can hardly be necessary to say that, by the Constitution of this State, the power to enact laws belongs to the General Assembly, composed of the Senate and the House of Delegates; and this being so, it is a well-settled principle of constitutional law, that the power thus delegated cannot be redelegated to the people themselves. Our government is a representative government, and to the members of the General Assembly the people have confided the power to pass such laws as they, in the exercise of their judgment, may deem best for the public interests; and they have no power to substitute the judgment of others in matters of legislation for the judgment of those to whom this sovereign trust has been committed.

But, fundamental as this principle may be, it is subject to certain qualifications, some of which are well recognized, both in this country and in England. No one questions the power of the Legislature to charter municipal corporations, and to confer upon such corporations the power to pass laws and ordinances in regard to matters pertaining to local legislation. And it seems to be quite well settled, in this country at least, that not only may the municipal authorities themselves pass such laws and ordinances, but the Legislature may refer laws in regard to local affairs to the voters of the municipality for their acceptance or rejection. *Cooley on Constitutional Limitations,* 144, and cases referred to in notes.

Upon the same principle, counties, although not possessing the general powers of municipal corporations under special charters, are regarded as *quasi corporations,* and it seems to be well settled that questions of local concern, whether, for instance, a county seat once located shall be removed elsewhere or whether the county shall subscribe to a particular improvement, these and other like questions of local legislation may be referred to the

voters of the county for decision. *Commonwealth vs. Judges of Quarter Sessions*, 8 *Penna. St.*, 391; *Call vs. Chadbourne*, 46 *Maine*, 206; *Commonwealth vs. Painter*, 10 *Penna. St.*, 214; *Slinger vs. Henneman*, 38 *Wisconsin*, 504; *Goddin vs. Crump, &c.*, 8 *Leigh*, 129; *Bridgeport vs. Housatonic Railroad Co.*, 15 *Conn.*, 475.

Upon the same principle, too, it has been held in this State, that laws passed under the police powers of the State, regulating or forbidding the sale of intoxicating drinks, commonly known as "local option laws," may be submitted to the voters of an election district of a county, and the operation of such laws made to depend upon the result of a popular vote in said districts. *Hammond vs. Haines*, 25 *Md.*, 541; *Fell vs. State*, 42 *Md.*, 71.

We shall not stop to consider the reasons on which these cases are based; whatever may be the reasons, the decisions were made upon full consideration, and are binding upon us. In all these cases, however, the several statutes considered by the Court *were local in their operation,* and affected the people only to whom they were referred for their approval or rejection. But the Act of 1890 now before us can in no sense be considered a *local law affecting only the people of the several election districts to whom it was submitted for their decision.* On the contrary, if a majority of the voters of these districts should be in favor of the prohibition, the Act makes it unlawful for any person in the State to take oysters by scoop or dredge within the waters of Somerset County. It thus deprives the people of the entire State of the common right which they enjoyed to take oysters by scoop or dredge within the waters of said county. Now the oyster-beds within the waters of Somerset County do not belong to the people of that county, much less to the voters of certain election districts of the county, to whom the operation of the Act was submitted. They

Bradshaw *vs.* Lankford.

belong to the State, and although the Legislature, representing the sovereign power of the State, may pass laws regulating the taking of oysters within the waters of the State, it would be against every principle of sound legislative policy, and repugnant to the maxim which forbids the delegation of legislative power, to hold, that it is competent for the Legislature to make the operation of a statute thus affecting the common right of the people of the whole State, depend upon the result of a popular vote of persons residing within three or four, or any given number of election districts of a county. We have no disposition to extend the exceptions to the general maxim which wisely forbids the delegation of legislative power, beyond the cases to which we have referred, and the principles on which they are based. We fully concur in what was said in *Hammond vs. Haines*, 25 *Md.*, 562, that "the General Assembly, composed of the Senate and the House of Delegates, is in this State the only law-making power. With them is lodged the power of making laws for the government of the people, and the due responsibility of the representative to his constituents is best maintained, and stable and wholesome legislation secured, by avoiding judicial refinements by which this power is extended, to any whom the Constitution has not invested with legislative action."

> *Order reversed, and cause remanded, with order to issue the writ of mandamus.*

(Decided 22nd January, 1891.)