Argued February 23, decided April 6, 1909.

## BATDORFF v. OREGON CITY.

[100 Pac. 937.]

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—LIABILITY.

1. At common law and under Section 360, B. & C. Comp., authorizing the maintenance of an action against any city for an injury arising from an act or omission of the city, a city invested with the exclusive control over the streets thereof, and authorized to employ the means necessary to maintain the same, is liable for any injury resulting from a failure so to do.

CONSTITUTIONAL LAW—RIGHT TO JUSTICE—ACTION FOR INJURIES.

2. Oregon City Charter exempting the city from liability for any injury on account of the condition of any street, but not exonerating any officer of the city when the accident is caused by his willful neglect, gross negligence, or willful misconduct, practically denies a remedy to a person injured through a defective sidewalk, and contravenes Section 10, Article I, Constitution of Oregon, providing that everyone shall have a remedy for injury done in person or property, and the liability of the city exists as at common law under Section 360, B. & C. Comp.

MUNICIPAL CORPORATIONS — DEFECTIVE STREETS — LIABILITY OF OFFI-
CERS—"GROSS NEGLIGENCE."

3. Since municipal officers charged with the duty of keeping the streets in
repair, are liable for injury caused by their indifference in failing to repair a
street, they may by enactment be rendered accountable when such neglect is
gross, which is the want of that diligence which even careless men are
accustomed to exercise.

MUNICIPAL CORPORATIONS—LIABILITY OF OFFICERS.

4. An officer who by malfeasance so carelessly performs his duties to keep
highways in suitable condition for travel that an injury is sustained, may be
responsible for the resulting loss, without showing that he had adequate
means with which to make the necessary repairs; but, when an injury is sus-
tained in consequence of the nonfeasance of a highway officer, the want of
available funds exonerates him.

APPEAL AND ERROR — HARMLESS ERROR — PREJUDICIAL REMARKS OF
JUDGE.

5. Where the complaint in an action against a city and its officers for
injuries through a defective sidewalk, did not state a cause of action against
the officers because alleging that they had the requisite means with which to
make the repairs, plaintiff obtaining judgment against the city only, was not
prejudiced by the remarks of the court that the charter exempting the city
from damages for negligence and allowing a recovery only against the officers
for gross or willful negligence was unconstitutional as requiring a verdict for
the officers.

From Clackamas: THOMAS A. MCBRIDE, Judge.

This is an action by Clara Batdorff against the City
of Oregon City and its councilmen, for personal injuries
alleged to have been caused by the negligence of defend-
ants in failing to keep in repair a sidewalk along a
public street in said city. From a verdict and judgment
for plaintiff, against the defendant, Oregon City, it
appeals, and, from that part of the judgment in favor
of the councilmen of said city, the plaintiff appeals.

AFFIRMED.

For defendant, Oregon City, and appellant there was
a brief and an oral argument by *Mr. James U. Campbell.*

For plaintiff and respondent there was a brief over
the names of *Messrs. D. & D. C. Latourette,* and
*Messrs. Dimick & Dimick,* with an oral argument by
*Mr. D. C. Latourette.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is an action against a municipal corporation and
its councilmen to recover damages for a personal injury,

alleged to have been caused by the willful and gross negligence of the defendants in failing to keep in repair a sidewalk constructed along one of the public streets of Oregon City.

The cause being at issue was tried, and a verdict for $850 was returned against the city, but the councilmen were exonerated from liability. From a judgment rendered on the verdict the city appeals. The plaintiff also appeals from that part of the judgment which releases the co-defendants from accountability.

These appeals will be treated together, as they involve a construction of section 128 of the municipal charter, which is as follows:

"Oregon City is not liable to any one for any loss or injury to person or property growing out of any casualty or accident happening to such person or property on account of the condition of any street or public ground therein; but this action does not exonerate any officer of Oregon City or any other person from such liability, when such casualty or accident is caused by the willful neglect of any duty enjoined upon such officer or person by law, or by the gross negligence or willful misconduct of such officer or person in any other respect." Sp. Laws Or. 1895, p. 518.

It is contended by plaintiff's counsel that in referring to the language quoted the court erroneously made the following observation in the hearing of the jury, to-wit:

"I don't believe that this clause in the charter of Oregon City exempting the city from damages for negligence and allowing a recovery only against the councilmen for gross or willful negligence is constitutional. I don't think the legislature can take away plaintiff's common-law remedy against the city for ordinary negligence, and substitute for that a partial remedy against the councilmen for gross or willful negligence. It attempts to take away a complete remedy and substitute therefor a partial and emasculated remedy. This is unconstitutional and wrong."

An exception having been taken to this remark, it is argued that, though the utterance was a correct interpre-

tation of the section of the charter, when construed in connection with a clause of the organic act which provides that "every man shall have remedy by due course of law for injury done in person, property, or reputation" (Section 10, Article I, Constitution of Oregon), the comment prejudiced the plaintiff's right, and was tantaamount to an instruction to the jury to return a verdict in favor of the councilmen.

1. It is maintained by counsel for the city, however, that section 128 of the charter is not violative of the fundamental law to which reference is made, that the clause of the municipal act quoted constitutes a bar to any action against the city for a personal injury caused by the negligence of its officers, and that an error was committed in overruling a demurrer invoking such exemption, on the ground that the complaint did not state facts sufficient to constitute a cause of action, which defect in the plaintiff's primary pleading was not waived by answering over. Though there is a conflict of judicial utterance as to the common-law liability of a city for a failure to keep a street in repair, the weight of authority supports the principle that when a charter invests a municipal corporation with exclusive control over the streets within its limits, and authorizes it to employ the means necessary to improve and maintain such highways, a duty to the public arises by implication of law to keep the streets that have been opened for travel in a reasonably safe condition; and for any injury that may result from a failure to discharge such obligation the city, without any statutory provision to that effect, must respond in damages. Cooley's Const. Lim. (7 ed.) 356; Elliott, Roads & Streets (2 ed.) § 611; Jones, Neg. Mun. Corp. § 53; 15 Am. & Eng. Enc. Law (2 éd.) 420; 28 Cyc. 1341; *Farquar* v. *Roseburg,* 18 Or. 271 (22 Pac. 1103: 17 Am. St. Rep. 732); *Greensboro* v. *McGibbony,* 93 Ga. 672 (20 S. E. 37). Our statute re-enacts this rule of the common law, and authorizes the maintenance

of an action against any city in its corporate capacity
for an injury to the rights of a party arising from some
act or omission of the municipality. Section 360, B. & C.
Comp.; *Wagner* v. *Portland*, 40 Or. 389 (60 Pac. 985:
67 Pac. 300). In order to avoid the effect of such enact-
ment and to escape the common-law liability which is
usually implied from the neglect of officers properly to
discharge a duty devolving upon a city, charters have
been granted which attempted to exonerate such munici-
palities from accountability for personal injuries result-
ing from a failure to keep an opened highway in a suit-
able condition for travel. *Sheridan* v. *Salem*, 14 Or. 328
12 Pac. 925).

2. In *O'Harra* v. *Portland*, 3 Or. 525, it was ruled
that section 127 of the charter of the defendant, then
in force, exempted the municipality from liability for a
personal injury resulting from the defective condition
of any street or sidewalk. The clause of the grant of
power so construed is almost identical with the section
of the Oregon City charter now under consideration,
and provided that the exemption of the City of Portland
from accountability did not exonerate any of its officers
or other person from liability "when such casualty or
accident is caused by the willful neglect of a duty
enjoined upon such officer or person by law, or by the
gross negligence or willful misconduct of such officer
or person in any other respect." Sp. Laws Or. 1864,
p. 26. In that case it was insisted that the clause of
the charter exempting the city from liability violated the
following provision of the organic act:

"No * * law impairing the obligation of contract shall
ever be passed." Section 21, Article I, Constitution
of Oregon.

It was held, however, that the doctrine so maintained
was inapplicable. No reference seems to have been made
to that part of the charter of Portland which rendered
its officers liable only for gross negligence or willful mis-

conduct. In an action against the board of trustees of the City of East Portland to recover damages for a personal injury, a demurrer to the complaint was sustained and judgment rendered against the plaintiff. Upon appeal, however, the decision was reversed, and in construing a clause of the act of incorporation of that city almost identical with section 128 of the charter of Oregon City it was determined that the duty to repair the streets and to keep them in a safe condition for travel was enjoined upon the defendants, and that if by their willful neglect any person was injured they were liable for the damages sustained. *Rankin* v. *Buckman,* 9 Or. 253. There the willful neglect of the officers was alleged in the complaint as the basis for the recovery of the damages sustained, which averment brought the action clearly within the provisions of the charter. The rule thus announced, that a municipal charter may specially exempt the corporation from liability for a failure to keep its highways in repair, and that such enactment is not violative of any constitutional provision, has been recognized. *Templeton* v. *Linn County,* 22 Or. 313 (29 Pac. 795: 15 L. R. A. 730) ; *Parsons* v. *San Francisco,* 23 Cal. 462. In *Piercy* v. *Averill,* 37 Hun. 360, 363, the court, referring to a preceding action, says: "Farther, in the case of *Bennett* v. *Whitney,* 94 N. Y. 302, a street commissioner of Binghamton was held liable for negligence, although the charter exempted the city from liability." In *Mattison* v. *Astoria,* 39 Or. 577 (65 Pac. 1066: 87 Am. St. Rep. 687), in construing a section of a municipal charter which contained the following provision: "Neither the City of Astoria nor any member of the council thereof shall in any manner be held liable for any damages resulting from a defective condition of any street, alley or highway thereof" (Sp. Laws Or. 1895, p. 572, § 13)—it was held that this clause violated Section 10 of Article I of the Constitution of the State, which guaranteed to every one a remedy by due course

of law for injury in person, property, or reputation. A judgment for the damages awarded by the jury was affirmed on appeal, and the court held, in effect, that the attempted exoneration of the city and of its councilmen from liability being invalid, the common-law remedy against the municipality remained unchanged; and, such being the case, an action for the injury sustained was maintainable against the city. "Highway officers charged with the performance of a ministerial duty," says a text-writer, "are, in general, liable for negligently performing it to one to whom the duty is owing and upon whom they inflict a special injury." Elliott, Roads & Streets (2 ed.) § 674. Any person to whom such obligation is due and who sustains a special injury in consequence of the malfeasance or nonfeasance of public officers in the performance of purely ministerial duties may obtain redress against such officer or officers by a private action adapted to the nature of the case. Cooley, Torts (3 ed.) 757; Mechem's Pub. Off. § 664; Throop, Pub. Off. § 707; Sherman & Redfield, Neg. (3 ed.) § 168; *Adsit* v. *Brady,* 4 Hill (N. Y.) 630 (40 Am. Dec. 305); *County Commissioners* v. *Duckett,* 20 Md. 468 (83 Am. Dec. 557); *Robinson* v. *Chamberlain,* 34 N. Y. 389 (90 Am. Dec. 713); *Robinson* v. *Rohr,* 73 Wis. 436 (40 N. W. 668: 2 L. R. A. 366: 9 Am. St. Rep. 810); *Hoover* v. *Barkoff,* 44 N. Y. 113; *Bennett* v. *Whitney,* 94 N. Y. 302.

3. It will be remembered that section 128 of the charter of Oregon City exempts that municipality from all accountability, and limits a recovery against its officers for injuries sustained in consequence of their failure to keep the streets in suitable condition for travel—whether it be on account of willful neglect of duty, gross negligence, or willful misconduct. If this clause be upheld as a valid exercise of the legislative will, it necessarily follows that a person will be remediless who sustains a pecuniary loss in consequence of an improved street being in a defective condition which was occasioned by ordinary

negligence. As councilmen are liable for injury caused by their indifference in failing to repair a street, so, *a fortiori,* they might, by enactment, be rendered accountable when such neglect is the want of that diligence which even careless men are accustomed to exercise (4 Words & Phrases, 3168) ; but, where a recovery is restricted by the act of incorporation to gross negligence and limited to the officers of a city, the charter practically denies a remedy to any person injured, contravenes Section 10, Article I, Constitution of Oregon, is therefore void, and leaves the liability as it existed at common law, whereby the city is accountable for such negligence. *Mattison* v. *Astoria,* 39 Or. 577 (65 Pac. 1066: 87 Am. St. Rep. 687).

4. When an officer by malfeasance so carelessly performs the obligations imposed upon him by law to keep highways in suitable condition for travel that an injury is sustained, he may be made responsible for the resultant loss, without showing that he had adequate means at his command with which to make the necessary repairs. *Bennett* v. *Whitney,* 94 N. Y. 302.

5. When, however, an injury is sustained in consequence of the nonfeasance of a highway officer in failing to perform what the law commands him to do, the want of available funds exonerates him. Elliott, Roads & Streets (2 ed.) § 677. The complaint in the case at bar states that the injury was caused by nonfeasance, but it does not allege that the councilmen possessed the requisite means with which to make the repairs; and, this being so, the plaintiff was not prejudiced by the remark of the court to which an exception was taken.

Believing that no errors were committed as alleged, the judgment is affirmed as to both appeals.

AFFIRMED.