

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. R. Miller, Commissioner
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. 0-2649
Re: Constitutionality of Article
5221b-17(p), Vernon's An-
notated Civil Statutes.

We received your letter dated August 16, 1940, which reads as follows:

"It is provided by Article 5221b-17(p), V.R.C.S. 1925, that:

"'"Week" means such period of seven (7) consecutive calendar days as the Commission may prescribe.'

"In its Regulation No. 37 the Texas Unemployment Compensation Commission provides:

"'"Week" as the term is used in the Act shall consist of seven consecutive calendar days ending at Midnight Saturday, except in respect to unemployment, and benefits, "week" shall consist of any seven consecutive days.'

"Is the regulation quoted a valid one under the Constitution of Texas?"

After carefully considering the above letter, we concluded that the only constitutional question involved therein is whether the Legislature can validly authorize the Texas Unemployment Compensation Commission to define "Week" as is authorized in Article 5221b-17(p), supra.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The definition of "week" becomes important in determining if and when an employer becomes an employer subject to the provisions of the Unemployment Compensation Act, same being Article 5221b, Chapter 14 of Title 83, Vernon's Annotated Civil Statutes. Section (f) (1) of Article 5221b-17, Vernon's Annotated Civil Statutes, reads as follows:

"(f) 'Employer' means

"(1) Any employing unit which for some portion of a day but not necessarily simultaneously, in each of twenty (20) different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment eight (8) or more individuals (irrespective of whether the same individuals are or were employed in each such day):"

To illustrate the point involved, suppose an employer employs eight persons for eighteen calendar weeks. At the end of the eighteenth week one employee is dismissed. At a later date, but within the same calendar year, the employer employs a person who works for seven days, beginning employment on Wednesday and terminating employment on the following Tuesday. Under the provisions of Rule No. 37, promulgated by the Commission by virtue of Article 5221b-17(p), the seven days work constitutes employment during parts of two different weeks rather than one entire week's employment, and, therefore, the employer is subject to the provisions of the Unemployment Compensation Act as provided in Section (f) (1) of Article 5221b-17, supra.

The legislative power of the State is vested in the Legislature by Article 2, Section 1 of the Constitution of Texas and same reads as follows:

"The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."

Generally speaking, the Legislature cannot delegate the power of making laws to any other body. Green v. City of Amarillo, 244 S. W. 241 (Affirmed 267 S. W. 702). This doctrine is set forth in 16 Texas Law Review 20 which reads, in part, as follows:

"The constitutional provisions which are held to forbid delegation of pcwer are those which set up the separation of powers. Governmental powers are usually divided among the executive, judicial, and legislative branches. The separation of powers established by the Federal Constitution operates as an implied limitation; that is, since legislative power is vested in Congress, the presumption or implication is that such power may not be given to one of the other branches. In the Texas Constitution, however, this separation of powers is not left to implication; it is specifically provided that no one of the three branches may exercise powers properly belonging to the other. The effect of this separation of powers as a limitation on governmental action is felt more forcibly by the legislative body than by the other branches, because it is the policyforming agency of the government and has been assigned the duty of allocating the functions of government undistributed by the Constitution.

"A doctrine which has arisen as a sort of buttress to the separation of powers and which has assumed a position of primary importance in American constitutional law is that delegated power may not be redelegated. One of the earliest and best expressions of the idea is found in Locke:

"'The legislative cannot transfer the power of making laws to any other hands for, it being but a delegated power from the people, they who have it cannot pass it over to others.'"

Notwithstanding, it has been a long established fact that the Legislature possesses many powers which may be

exercised by it directly or through some other designated agency or body. In Burgess v. American Rio Grande Land & Irrigation Co., 295 S. W. 649 (Writ refused), the Court said:

> "The Legislature cannot delegate its power to make laws, nor can it clothe any other agency of government with judicial power except courts. That fundamental rule, however, must have some apparent, though not real, exceptions. The customs of the ages have given the Legislature the power to create agencies to carry out the legislative intent and administer details in matters conducting to the prosperity and usefulness which could not be administered, for obvious reasons, by the Legislature. To such agencies the Legislature does not delegate the power held by it alone to enact laws but clothes them with the powers of administration of laws created by the Legislature. . . ."

The Legislature provided that the word "'week' means such period of seven (7) consecutive calendar days as the Commission may prescribe." The Legislature undoubtedly realized that the Commission, after a long and careful study of the employment sitution in Texas, would be in a better position to determine what particular seven consecutive days would best constitute a "week" to effectively carry out the purposes of the Unemployment Compensation Act in Texas.

The Legislature recognized that in certain situations it might be necessary, in order to properly administer the Unemployment Compensation Laws of Texas, that a "week" should constitute some particular seven consecutive days. Therefore, this matter was expressly given to the Commission to decide. It cannot be said that the Legislature did not set a basic standard or to provide a definite policy or rule of action for the Commission to follow. Article 5221b-17(p), supra, provides that a week must contain seven days and, further, that the particular seven days must be consecutive. The Commission is given no discretion in the matter except designating the particular seven days. The Commission cannot declare a week to be six days nor can it declare that a week shall constitute eight days. Neither can the Commission enact a rule to the effect that a week shall constitute seven particular days which are not in consecutive order.

Honorable C. R. Miller, Page 5


For the reasons herein stated, we are of the opinion that neither Article 5221b-17(p), supra, giving the Texas Unemployment Compensation Commission the authority to define "Week," nor Regulation No. 37 of the Commission which defines "Week," is invalid as being an unlawful delegation or exercise of legislative authority.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

By *Lee Shoptaw*

Lee Shoptaw

APPROVED AUG 27, 1940

*[signature]*

FIRST ASSISTANT
ATTORNEY GENERAL

LS:eaw

